1  Michele A. Dobson, (Bar No. 192349)
   LAW OFFICES OF MICHELE A. DOBSON
2  Historic Bixby Knolls
3  3711 Long Beach Blvd., Suite 5047
   Long Beach, CA 90807
4  T (562) 433-7718 Telephone
5  F (562) 433-7719 Facsimile
   E longbeachesq@gmail.com
6  www.longbeachesq.com
7  Attorney for Defendant

8

9

10              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
11

12

13  **Chris Langer**,                    Case No. 2:19-cv-10223-FLA-(SKx)

14          Plaintiff,                    Honorable Judge Josephine L. Stanton
                                          Courtroom 6B, 6th Floor
15      v.                                350 W. 1st St., Los Angeles, CA 90012

16  **4270 Atlantic LLC,** a California
    Limited Liability Company; and Does 1-
17  10,                                   **DEFENDANT 4270 ATLANTIC LLC,**
                                          **REQUEST FOR LEAVE TO FILE A**
18          Defendants.                   **NOTICE OF MOTION AND MOTION**
                                          **FOR SUMMARY JUDGMENT;**
19                                        **DECLARATION OF MICHELE A.**
                                          **DOBSON;PROOF OF SERVICE**
20
21                                        **[*DECLARATION OF MICHELE A.***
                                          ***DOBSON IN COMPLIANCE WITH***
22                                        ***LOCAL RULE 7-3 FILED***
23                                        ***CONCURRENTLY*]**

24

25  TO THIS HONORABLE COURT, TO ALL PARTIES AND TO THE ATTORNEYS OF

26  RECORD:

27  ///

28

                              0

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      ISSUES PRESENTED**

*a.      Should this court grant leave for 4270 Atlantic to have a Motion for Summary Judgment on "mootness?"*

*b.      Subject Matter Jurisdiction:  Should Summary Judgment be granted for 4270 Atlantic as Plaintiff's parking concerns have been addressed and there is no longer a controversy between the parties.*

**II.     LEAVE TO AMEND SHOULD BE GRANTED FOR JUDICIAL ECONOMY**

For the court to consider in whether to grant the relief sought, a motion under Rule 6(b)(1)(B) or Rule 60 may be filed at any time during the pendency of the proceeding. Here, Defendant made every effort to provide photographs and evidence that the trash can has a permanent location that does not block any parking spaces, including ADA spaces. If this court grants leave for the motion for summary judgment of defendant 4270 Atlantic to be heard, it would save the court the time and calendar space for a Trial and would expeditiously dispose of this matter.

In Pioneer Investment Services Co. v. Brunswick Associates, Ltd. Partnership, 507 U.S. 380, 395 (1992), the U.S. Supreme Court has provided guidance on what constitutes excusable neglect in the Pioneer case, where the Court laid out a four-factor balancing test for what constitutes excusable neglect under either Rule 6 or Rule 60. In a passing reference endorsing the standard of excusable neglect enunciated by the court below, the factors to be considered in excusable neglect are (in no particular order): (1) Whether the delay in filing was within the reasonable control of the movant; (2)  The length of the delay and

the delay's potential impact on judicial proceedings; (3) The danger of prejudice to the non-moving party; and (4)      Whether the movant acted in good faith.   In equity, the Defense requests that the court consider the request for attorney fees for the motion filed to disqualify and sanction Defense Counsel and as the prevailing party in Defendants Motion for Summary Judgment.

The Federal Rules of Civil Procedure provide equitable safeguards for an inadvertently missed deadline. But because these fail-safe provisions are equitable in nature, whether a missed deadline falls under these provisions is not always clear and is generally subject to a fact-specific inquiry by the judge.

In this matter, the parties had myriad cases (as indicated below under the Judicial Notice) and deadlines that were being followed and this matter, slipped by before a Summary Judgment Motion could be granted and before the parties could engage in a discussion for a settlement on "mootness" could be reached.

### **REQUEST FOR JUDICIAL NOTICE**

A court may take judicial notice of court records in another case. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004). A federal court may also take judicial notice of orders made in a state court proceeding. Miles v. California, 320 F.3d 986, 987 n.1 (9th Cir. 2003). Exhibits A, B, C, and F are all court orders that are subject to judicial notice, but the facts contained in those orders are not subject to judicial notice, particularly to the extent they are disputed. See Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (although a court may take judicial notice of another court's opinion, "it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity").   Judicially noticed facts often

consist of matters of public record, such as prior court proceedings.   Emrich v. Touche Ross & Co., 846 F. 2d 1190, 1198 (9th Cir. 1988) (administrative materials); Barron v. Reich, 13 F. 3d 1370, 1377 (9th Cir. 1994) (city ordinances); Toney v. Burris, 829 F. 2d 622, 626-27 (7th Cir. 1987) (geological surveys and existing land use maps); and Rothman v. Gregor, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of a filed complaint as a public record).

In considering granting Defendant leave for a Summary Judgment Motion to be heard, Defendant requests that the court consider, in all, Mr. Langer claims he visited 8 businesses in the City of Seal Beach, on Main Street, in March of 2020, and  another 24 businesses in the City of Los Angeles, filing 32 Complaints in all in April.

| No. | Case No.: | Case Name: | Date Filed: |
|---|---|---|---|
| **1** | 2:20-cv-03073 | Chris Langer v. Stephen Douglas Ellis | filed 04/02/20 |
| **2** | 2:20-cv-03079 | Chris Langer v. Sang Lee et al | filed 04/02/20 |
| **3** | 2:20-cv-03086 | Chris Langer v. Parvizjan Investment LLC | filed 04/02/20 |
| **4** | 2:20-cv-03099 | Chris Langer v. Jose Francisco Vargas et al | filed 04/02/20 |
| **5** | 2:20-cv-03124 | Chris Langer v. Kyu Lee et al | filed 04/03/20 |
| **6** | 2:20-cv-03125 | Chris Langer v. Hanna R. Gamson et al | filed 04/03/20 |
| **7** | 2:20-cv-03126 | Chris Langer v. Eric Han et al | filed 04/03/20 |
| **8** | 2:20-cv-03127 | Chris Langer v. Hormoz Azizzadeh et al | filed 04/03/20 |
| **9** | 2:20-cv-03128 | Chris Langer v. In Ja Lee et al | filed 04/03/20 |
| **10** | 2:20-cv-03171 | Chris Langer v. Lorenzo Chavez et al | filed 04/06/20 |
| **11** | 2:20-cv-03208 | Langer v. Norberto Alvarez et al | filed 04/07/20 |
| **12** | 2:20-cv-03209 | Langer v. Ali Akbar Helmi et al | filed 04/07/20 |

| | | | |
|---|---|---|---|
| 1 | **13** | 2:20-cv-03211 Langer v. Lyu-Yen Chen et al | filed 04/07/20 |
| 2 | **14** | 2:20-cv-03254 Langer v. F and E Investments | filed 04/08/20 |
| 3 | **15** | 2:20-cv-03362 Langer v. Socorro Sanchez et al | filed 04/10/20 |
| 4 / 5 | **16** | 2:20-cv-03363 Langer v. Yick Keung Benevolent | filed 04/10/20 |
| 6 | **17** | 2:20-cv-03395 Langer v. La Reina Properties, LP | filed 04/13/20 |
| 7 | **18** | 2:20-cv-03402 Langer v. Lows Limehouse, LLC | filed 04/13/20 |
| 8 | **19** | 2:20-cv-03472 Langer v. California Group Realty | filed 04/14/20 |
| 9 / 10 | **20** | 2:20-cv-03473 Langer v. 3100 West Sunset Blvd | filed 04/15/20 |
| 11 | **21** | 2:20-cv-03474 Langer v. Max M. Abedian et al | filed 04/15/20 |
| 12 | **22** | 2:20-cv-03475 Langer v. Miguel W. Gonzalez et al | filed 04/15/20 |
| 13 | **23** | 2:20-cv-03478 Langer v. Whittier Property | filed 04/15/20 |
| 14 / 15 | **24** | 2:20-cv-03480 Langer v. Victorville Holdings, Inc. | filed 04/15/20 |
| 16 | **25** | 8:20-cv-00662 Langer v. Duc Tran et al | filed 04/06/20 |
| 17 | **26** | 8:20-cv-00690 Langer v. Cheu Chhieng Chauv et al | filed 04/09/20 |
| 18 / 19 | **27** | 8:20-cv-00724 Langer v. Caroline F. Giers et al | filed 04/13/20 |
| 20 | **28** | 8:20-cv-00725 Langer v. Gregory Thomas Oberst | filed 04/13/20 |
| 21 | **29** | 8:20-cv-00727 Langer v. Lescher-Stockon | filed 04/13/20 |
| 22 | **30** | 8:20-cv-00738 Langer v. Pascual Rivera et al | filed 04/14/20 |
| 23 | **31** | 8:20-cv-00740 Langer v. 201 Main, LLC et al | filed 04/15/20 |
| 24 / 25 | **32** | 8:20-cv-00741 Langer v. Innominate, LLC et al | filed 04/15/20 |

It is well-settled that the court may take judicial notice of matters that can be verified in the public record, including court documents. Courts may properly take judicial notice of "proceedings in other courts . . . if those proceedings have a direct relation to

matters at issue."   Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001);  Federal Rules of Evidence 201(b)(2).

With the volume of cases above, Defense Counsel had a couple dozen of the Potter Handy ADA cases, most of which were resolved because the businesses quickly corrected the ADA concerns and the controversy between the parties dissolved and became moot. The same pattern is true for this matter and Defendant respectfully requests leave to show this court a Trial is unnecessary.

Rule 6(b)(1)(B) provides that for any act that must be done by a party to a federal court proceeding within a specified time frame, the court may "for good cause, extend the time…after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Second, Rule 60(b)(1) provides for a party or their legal representative to obtain relief from an adverse judgment of a federal court for "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1). Both types of excusable neglect can only be obtained by motion to the court.

### III.   **PRAYER**

Defendant respectfully requests that this Court consider the defense Motion for Summary Judgment.

DATED:  June 18, 2021           LAW OFFICES OF MICHELE A. DOBSON

*Michele A. Dobson*

MICHELE A. DOBSON
Attorney for Defendant

**PROOF OF SERVICE**
CHRIS LANGER V. LESCHER-STOCKON PROPERTIES LLC ET AL
CASE #: 8:20-CV-00727-JLS-JDE

I, the undersigned, am over the age of eighteen years. I am not a party to the above- entitled action; my business address is 3711 Long Beach Blvd., Ste 5047, Long Beach, CA 90807

On June 22, 2021 I served the following document(s):

> *DEFENDANT 4270 ATLANTIC LLC, REQUEST FOR LEAVE TO FILE A NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; DECLARATION OF MICHELE A. DOBSON*

Addressed to:
**Ray Ballister, Jr (rayballister@potterhandy.com)**
**Dennis Jay Price, II (dennisp@potterhandy.com)**
**Elliott Charles Montgomery (elliottm@potterhandy.com)**
**Russell C Handy (russ@potterhandy.com)**
**Potter Handy, LLP**
**8033 Linda Vista Rd, Suite 200**
**San Diego, CA 92111**

[X] BY MAIL: I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Long Beach, California.
[  ] BY FACSIMILE: In addition to the service by mail as set forth above, I forwarded a copy of said documents via facsimile to the listed facsimile number.
[  ] BY OVERNITE EXPRESS: I caused such envelope with postage thereon fully prepaid to be placed in the Designated Overnight Express drop box at Long Beach, California.
[  ] BY PERSONAL SERVICE: I caused said documents to be personally served on all listed recipients via Diversified Legal Services.
[X] BY ELECTRONIC MAIL TRANSMISSION: via email. I caused the listed documents to be electronically filed and subsequently emailed to the recipient(s).

Executed on June 22, 2021 from Long Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Brenda Aguilar*

Brenda Aguilar.
Assistant to Attorney Dobson

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Michele A. Dobson, (Bar No. 192349)
LAW OFFICES OF MICHELE A. DOBSON
Historic Bixby Knolls
3711 Long Beach Blvd., Suite 5047
Long Beach, CA 90807
T (562) 433-7718 Telephone
F (562) 433-7719 Facsimile
E longbeachesq@gmail.com
www.longbeachesq.com
Attorney for Defendant

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer**,<br><br>        Plaintiff,<br><br>    v.<br><br>**4270 Atlantic LLC,** a California Limited Liability Company; and Does 1-10,<br><br>        Defendants. | Case No. 2:19-cv-10223-FLA-(SKx)<br><br>Honorable Judge Josephine L. Stanton<br>Courtroom 6B, 6th Floor<br>350 W. 1st St., Los Angeles, CA 90012<br><br>**DECLARATION OF MICHELEL A. DOBSON PURSUANT TO RULE 7-3 IN SUPPORT OF DEFENDANT 4270 ATLANTIC LLC, REQUEST FOR LEAVE TO FILE A  NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; PROOF OF SERVICE**<br><br>**[*DECLARATION OF MICHELE A. DOBSON IN COMPLIANCE WITH LOCAL RULE 7-3 FILED CONCURRENTLY*]** |

TO THIS HONORABLE COURT, TO ALL PARTIES AND TO THE ATTORNEYS OF

RECORD:

0

1.    I am an Attorney licensed to practice before all of the Courts of the State of California for 24.5 years.  I have been in private practice for 15 years after 5.5 years as an Insurance Defense Attorney defending licensed Professionals, 3 years as an Orange County Public Defender and one year as a District Office Representative for the California State Legislature.  I declare that the information within this declaration is based upon my personal knowledge and if called to testify, could and would testify to the following:

2.    Each of the exhibits are true and correct copies of the originals without alteration.

3.    Defendant made every effort to provide photographs and evidence that the trash can has a permanent location that does not block any parking spaces, including ADA spaces.  If this court grants leave for the motion for summary judgment of defendant 4270 Atlantic to be heard, it would save the court the time and calendar space for a Trial and would expeditiously dispose of this matter.

4.    In this matter, the parties had myriad cases (as indicated below under the Judicial Notice) and deadlines that were being followed and this matter, slipped by before a Summary Judgment Motion could be granted and before the parties could engage in a discussion for a settlement on "mootness" could be reached.

5.    In considering granting Defendant leave for a Summary Judgment Motion to be heard, Defendant requests that the court consider, in all, Mr. Langer claims he visited 8 businesses in the City of Seal Beach, on Main Street, in March of 2020, and  another 24 businesses in the City of Los Angeles, filing 32 Complaints in all in April.

///

6. With the volume of cases above, Defense Counsel had a couple dozen of the Potter Handy ADA cases, most of which were resolved because the businesses quickly corrected the ADA concerns and the controversy between the parties dissolved and became moot.  The same pattern is true for this matter and Defendant respectfully requests leave to show this court a Trial is unnecessary.

7. The Summary Judgment motion is not a surprise to the Plaintiff as the defense tried in August of 2020, (Exhibit "A") and January of 2021, (Exhibit "B") to meet and confer about the court's lack of jurisdiction to no success.

8. Defendant respectfully requests that this Court consider the defense Motion for Summary Judgment prior to proceeding to trial.

I declare that the foregoing is true and correct pursuant to the laws of the United States of America and the laws of the State of California and pursuant to penalty of perjury.

DATED:  June 22, 2021    LAW OFFICES OF MICHELE A. DOBSON

*Michele A. Dobson*

MICHELE A. DOBSON
Attorney for Defendant

2

## **PROOF OF SERVICE**
CHRIS LANGER V. LESCHER-STOCKON PROPERTIES LLC ET AL
CASE #: 8:20-CV-00727-JLS-JDE

I, the undersigned, am over the age of eighteen years. I am not a party to the above- entitled action; my business address is 3711 Long Beach Blvd., Ste 5047, Long Beach, CA 90807

On June 22, 2021 I served the following document(s):

> ***DECLARATION OF MICHELEL A. DOBSON PURSUANT TO RULE 7-3 IN SUPPORT OF DEFENDANT 4270 ATLANTIC LLC, REQUEST FOR LEAVE TO FILE A NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT***

Addressed to:
**Ray Ballister, Jr (rayballister@potterhandy.com)**
**Dennis Jay Price, II (dennisp@potterhandy.com)**
**Elliott Charles Montgomery (elliottm@potterhandy.com)**
**Russell C Handy (russ@potterhandy.com)**
**Potter Handy, LLP**
**8033 Linda Vista Rd, Suite 200**
**San Diego, CA 92111**

[X] BY MAIL: I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Long Beach, California.
[  ] BY FACSIMILE: In addition to the service by mail as set forth above, I forwarded a copy of said documents via facsimile to the listed facsimile number.
[  ] BY OVERNITE EXPRESS: I caused such envelope with postage thereon fully prepaid to be placed in the Designated Overnight Express drop box at Long Beach, California.
[  ] BY PERSONAL SERVICE: I caused said documents to be personally served on all listed recipients via Diversified Legal Services.
[X] BY ELECTRONIC MAIL TRANSMISSION: via email. I caused the listed documents to be electronically filed and subsequently emailed to the recipient(s).

Executed on June 22, 2021 from Long Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Brenda Aguilar*

Brenda Aguilar.
Assistant to Attorney Dobson

3

 Gmail

**Law Offices <longbeachesq@gmail.com>**

---

## Meet and Confer
3 messages

---

**Law Offices** <longbeachesq@gmail.com>                                    Wed, Aug 26, 2020 at 11:41 AM
To: Ray Ballister <rayballister@potterhandy.com>
Bcc: Assistant Personal <sela.longbeachesq@gmail.com>

Mr. Ballister,

Can you meet and confer with Michele on Friday, anytime after 11: 30, to discuss the following
cases for the purpose of the MSJ?

Langer v 4270 Atlantic
Langer v lescher -Stockton Properties, LLC
Langer v Thomas G. Oberst

Whitaker v Joyful Pasta
Whitaker v PLH Holding, Pietris Bakery

Please advise.

Thank you,

Mary


Law Offices of Michele A. Dobson
Historic Bixby Knolls
3711 Long Beach Blvd., Suite 5047
Long Beach, CA 90807
(562) 433-7718 T / (562) 433-7719 F
www.longbeachesq.com

---

**Ray Ballister** <rayballister@potterhandy.com>                            Wed, Aug 26, 2020 at 11:48 AM
To: Law Offices <longbeachesq@gmail.com>
Cc: Sara Gunderson <sarag@potterhandy.com>, Isabel Masanque <isabelm@potterhandy.com>, Janell Kelly
<janellk@potterhandy.com>

Dear Law Offices,


Please refer Ms. Dobson to Sara Gunderson or Isabel Masanque of my office for any MSJ discussions. Please schedule
any MSJ meet and confer with either of Ms. Gunderson or Ms. Masanque, as they handle Motions for Summary
Judgment at our office.


Thank you.


Ray Ballister

## Exhibit "A"

 Gmail

Law Offices <longbeachesq@gmail.com>

---

## Langer v. Oberst (8:20-cv-00725-JLS-KES) (123 Main St)

**Law Offices** <longbeachesq@gmail.com>                                        Mon, Jan 11, 2021 at 11:15 AM
To: Dobson Office <assistant.longbeachesq@gmail.com>

Please add that I would like to talk about
filing an MSJ in the following cases on
the call on the issue of Mootness:

Pietris Bakery
Lecher Stockon
4270 Atlantic

Sent from the Law Offices of Michele A. Dobson's iPad
www.longbeachesq.com

On Jan 11, 2021, at 11:07 AM, Isabel Masanque <isabelm@potterhandy.com> wrote:

[Quoted text hidden]
[Quoted text hidden]

  [Quoted text hidden]
  [Quoted text hidden]

    [Quoted text hidden]

### Isabel Masanque, Esq.

**IsabelM@PotterHandy.com**

Potter Handy, LLP                              <image001.png>

8033 Linda Vista Rd, Suite 200

San Diego, CA 92111

858-375-7385 | 888-422-5191 (fax)

**The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to info@potterhandy.com. Tax Opinion Disclaimer: To comply with IRS regulations, we advise that any discussion of Federal tax issues in this E-mail was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code or, (ii) to promote, market or recommend to another party any transaction or matter addressed herein.**

# Exhibit "B"