UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>      Plaintiff,<br><br>  v.<br><br>4270 ATLANTIC, L.L.C., et al.,<br><br>      Defendants. | Case No. 2:19-cv-10223-FLA (SKx)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES [DKT. 111]** |

### RULING

Before the court is Plaintiff Chris Langer's ("Plaintiff" or "Langer") Motion for Attorney's Fees ("Motion"). Dkt. 111 ("Mot."). On September 9, 2021, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for September 10, 2021. Dkt. 114; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15. For the reasons stated herein, the court GRANTS IN PART Plaintiff's Motion and AWARDS Plaintiff attorney's fees and costs in the total amount of $17,881.35.

### BACKGROUND

Plaintiff Langer is a California resident with physical disabilities who uses a wheelchair for mobility. Dkt. 1 ("Compl.") ¶ 1. In October 2019, Plaintiff visited Giltcomplex Antiques and Red Wing Shoes, located in Long Beach, California, a

1

place of public accommodation. *Id.* ¶ 8. Giltcomplex Antiques and Red Wing Shoes is owned and operated by Defendant 4270 Atlantic, L.L.C. ("Defendant" or "4270 Atlantic"). Dkt. 111-1 ("Mot. Br.") at 1. At the time of Plaintiff's visit, Defendant failed to provide accessible parking in violation of the Americans with Disabilities Act ("ADA") Standards. Compl. ¶ 10.

On December 3, 2019, Plaintiff filed suit against Defendant for violations of the ADA and California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53. Compl. ¶¶ 19-29. On April 24, 2020, the court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claims. Dkt. 35.

On July 9, 2021, the parties filed a Notice of Settlement with the court. Dkt. 102. The notice stated the parties reached "a partial settlement … as to damages only." *Id.*

On August 6, 2021, Plaintiff filed the instant Motion seeking an award of attorney's fees. Dkt. 111. Defendant opposes the Motion. Dkt. 112 ("Opp'n").[1]

## DISCUSSION

### I. Legal Standard

The ADA permits a court "in its discretion" to award attorney's fees and costs to the "prevailing party." 42 U.S.C. § 12205. In civil rights cases, courts utilize the lodestar method to determine a proper fee award. *See Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 222 (9th Cir. 2013). "[T]he lodestar amount is calculated by multiplying "the number of hours *reasonably* expended on the litigation by a *reasonable* hourly rate." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (emphasis in original). "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive,

---

[1] Plaintiff objects that the Opposition is untimely. Dkt. 113 ("Reply") at 1. As Plaintiff does not demonstrate he was prejudiced by the late filing, the court will exercise its discretion to consider the Opposition.

2

redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The court determines whether to increase or decrease the lodestar amount by evaluating the factors enunciated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). These factors include the time and labor required; the novelty and difficulty of the questions involved; the skill needed to perform the legal service properly; the preclusion of other employment by the attorney due to acceptance of the case; the customary fee, whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorney; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. *Id.*

## II. Analysis

Plaintiff seeks attorney's fees of $62,722.50, after a 1.5 lodestar multiplier is applied, and $3,088.85 in costs, for a total award of $65,811.35. Mot. Br. 20. According to the billing records submitted ("Billing Statements"), eleven attorneys billed a total of 84.5 hours and paralegals billed a total of 37.1 hours on this case. Dkt. 111-4; Dkt. 113-4.

Defendant requests the court deny the Motion on grounds including that Plaintiff has not pleaded sufficient facts to state an ADA claim. Opp'n 6-16. Plaintiff presents evidence that Defendant executed a settlement agreement in which it agreed to pay Plaintiff's reasonable attorney's fees and costs as determined by the court. Dkt. 111-5 at §§ 2.5, 4. While Defendant reserved the right to argue the reasonableness of any fees or costs sought by Plaintiff, Defendant did not retain the right to challenge Plaintiff's entitlement to a fee award. *See id.* § 4.

As Defendant agreed to pay Plaintiff's reasonable attorney's fees, the court finds Defendant waived its right to challenge Plaintiff's right to bring the Subject

Motion, and the court will only consider Defendant's arguments concerning the reasonableness of the amount of attorney's fees and costs requested.

### A. Reasonableness of Hourly Rates Requested

Once a party has established that it is entitled to an award of attorney's fees, "[i]t remains for the district court to determine what fee is reasonable." *Hensley*, 461 U.S. at 433 (internal quotation marks omitted). Plaintiff has the burden of demonstrating that its requested rates are consistent with the prevailing rates "in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 696 (9th Cir. 1996). Declarations from community attorneys regarding prevailing market rates are sufficient to establish the appropriate hourly rates. *Id.*

Plaintiff argues the attorneys involved in this matter are skilled and should command rates between $400-$650 per hour. Mot. Br. 3. Plaintiff seeks fees at the following hourly rates: $650 for Russell Handy ("Handy"); $600 for Raymond Ballister ("Ballister"); $550 for Phyl Grace ("Grace") and Dennis Price ("Price"); $500 for Amanda Seabock and Isabel Masanque ("Masanque"); $450 for Chris Seabock and Elliott Montgomery ("Montgomery"); $400 for Ariel Vento ("Vento"), Bradley Smith ("Smith"), and Zachary Davina ("Davina"); and $100 for work performed by paralegals and assistants. Dkt. 111-4. Mark Potter ("Potter"), the managing partner of Center for Disability Access ("CDA"), attests to the experience and background of Plaintiff's counsel and paralegals. Dkt. 111-3 (Potter Decl.) ¶¶ 12-23.[2]

---

[2] Defendant challenges the Potter Declaration on the grounds that Potter lacks personal knowledge sufficient to support Plaintiff's request for attorney's fees. Opp'n 14. Potter attests he is the managing partner of CDA, and that he maintains and reviews the firm's billing records. Dkt. 111-3 (Potter Decl.) ¶ 2. Potter establishes sufficient personal knowledge and foundation for the court to consider these business records in connection with the subject Motion.

Plaintiff contends courts have awarded similar rates in other ADA actions to those requested here. Mot. Br. 3-6. In addition, Plaintiff argues these rates are consistent with the rates awarded to other attorneys in the same community. *Id.* at 8-9.[3] However, several recent decisions from courts in this district, dealing with similar construction-related accessibility claims by Plaintiff and his counsel, have granted lower rates than those requested for many of these specific attorneys. *E.g.*, *Langer v. Cetina*, No. 2:20-cv-04914-VAP (AFMx), 2020 WL 7059624, at *5 (C.D. Cal. Oct. 27, 2020) ("Based on its knowledge of rates in this District, the Court finds reasonable an hourly rate of $450.00 for Mr. Potter and Mr. Handy, $375.00 for mid-level associates such as Ms. Seabock, and $325.00 for more junior attorneys such as Ms. Gutierrez."); *Villegas v. Neptune Land LLC*, No. 2:20-cv-08106-SB (GJSx), 2021 WL 4839571, at * (C.D. Cal. Feb. 9, 2021) ("[G]iven the nature of the work involved, the Court deems reasonable a rate of $450 for Mr. Potter and Mr. Handy, $375 for Ms. Seabock, and $325 for Ms. Gutierrez.").

Having reviewed the submitted evidence and based on each attorney's background and legal experience, and the routine and assembly-line nature of the legal services performed, the court finds the following hourly rates are reasonable: $450 for Handy; $400 for Price, Ballister, and Grace; $375 for Amanda Seabock and Masanque; $325 for Chris Seabock, Montgomery, Vento, and Smith; $250 for Davina; and $100 for paralegals and assistants. Accordingly, the court will determine the reasonable lodestar based on these rates.

/ / /

/ / /

---

[3] Plaintiff additionally contends the hourly rates requested are supported by the 2020 Mid-Year Real Rate Report ("RRR"). Mot. Br. 12. Plaintiff, however, did not submit a copy of the 2020 RRR for the court's consideration. The court, therefore, disregards this argument as it is unsupported by the evidence in the record. *See Ada*, 100 F.3d at 696.

## B. Hours Reasonably Incurred

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

This action settled on the eve of trial, after the parties filed their pretrial documents and the court held a final pretrial conference. Dkt. 74. A review of the Billing Statements and the court docket shows the parties engaged in discovery and motion practice, including Plaintiff's unopposed motion to compel further responses to discovery (Dkt. 59), Defendant's opposed motion for leave to file an untimely motion for summary judgment (Dkt. 84), and the subject attorney's fee motion (Dkt. 111). The parties also engaged in at least two rounds of mediation before ultimately settling the case on or around June 2, 2021. Dkts. 44, 66, 74.

Plaintiff contends his counsel, the CDA, reasonably expended 115.1 hours in litigating this action and an additional 6.5 hours in connection with the reply to the subject Motion, for a total lodestar of $45,390 before a fee enhancement is applied. Mot. Br. 20; Dkt. 111-4 at 28; Dkt. 113-4. While Plaintiff acknowledges a large number of attorneys billed for work in this action, Plaintiff contends the CDA "has created an innovative staffing approach in which each attorney is assigned discrete tasks and able to become experienced in narrow aspects of litigation in a short period of time. Mot. Br. 12-13. According to Plaintiff, his attorneys have exercised judgment to ensure Plaintiff is not requesting fees for any duplication of effort that may have occurred. *Id.* The court has independently reviewed Plaintiff's Billing Statements and reduced the awarded fees where appropriate to account for duplicative work performed by separate attorneys.

Defendant challenges the reasonableness of the amount of fees requested, on a number of bases. First, Defendant contends Plaintiff's requested attorney's fees are unreasonable because he ultimately settled for a $4,000 statutory payment, which was the same amount as Defendant's settlement offer, dated June 3, 2020. Opp'n 9, 14 (citing Dkt. 112-1). Defendant, thus, requests the court deny Plaintiff fees for any work performed after June 3, 2020. Opp'n 14. Plaintiff responds that his refusal of Defendant's June 3, 2020 offer was reasonable, as that offer would not have allowed Plaintiff to bring the subject Motion for attorney's fees. Reply 11. According to Plaintiff, Defendant's agreement to pay reasonable attorney's fees and costs constituted a material change in its offer. *Id.*

Defendant's June 3, 2020 settlement offer was identified as a "firm" offer for $4,000. Dkt. 112-1. This offer was made only three days after Defendant's prior offer for a total settlement of $1, inclusive of all costs of suit and attorney's fees. Dkt. 113-3 at 1-2. Defendant does not cite any legal authority for the proposition that it is unreasonable for a plaintiff to refuse a settlement offer and continue to litigate an action when the parties are not in agreement regarding a plaintiff's attorney's fee demand. Accordingly, Defendant fails to demonstrate that Plaintiff's refusal to accept its June 3, 2020 settlement offer was unreasonable, and the court will not reduce the fee award on this basis.

Second, Defendant contends Plaintiff's requested fees are inflated and unreasonable. Opp'n 9-13. In particular, Defendant notes that Plaintiff's counsel engaged in "block billing," which Defendant contends makes an analysis of the fee request more difficult and may have led to inflated billing. Opp'n 9-10. Plaintiff responds that his attorneys litigated the action efficiently, including by making significant use of templates and by litigating this and other actions in a routine fashion. Reply 8-9.

The court has independently reviewed the Billing Statements, Dkts. 111-4, 113-4, and finds the total number of hours billed in this case are excessive and

7

unreasonable for attorneys with the legal experience and the hourly rates claimed, based on the routine and assembly-line nature of the work performed. This action was one of hundreds of ADA cases filed by Plaintiff and one of hundreds, if not over one thousand, ADA cases filed by the CDA in this district in 2019 alone. As Plaintiff admits, his attorneys make significant use of templates and largely litigate cases in a routine fashion. *See* Reply 8. This is made abundantly clear by the moving papers here, which include references to documents that were not included with the Motion (such as the 2020 RRR), and which appear to be designed to be easily modified for any case—including by omitting the specific amount of attorney's fees and costs requested until the final two pages of the supporting memorandum. *See* Dkt. 111-1.

Plaintiff's Billing Statements show that a significant amount of the work in this action was performed by attorneys claiming senior-associate or partner-level hourly rates, which could have been performed by more junior attorneys. For example, Handy, a co-founder of Plaintiff's law firm, billed 3 hours in connection with prefiling tasks, 5.7 hours in connection with unspecified "case management," and 0.8 hours in connection with reviewing Defendant's Answer. Dkt. 111-4 at 25. The Billing Statements show Handy was the attorney who drafted the Complaint, presumably using his firm's template—which is a task that could have easily been performed by a junior associate or paralegal. *See id.* at 2. A review of the court's CM/ECF system reveals that Plaintiff's counsel filed 15 Complaints on behalf of Plaintiff Chris Langer in December 2019 alone, which includes 5 other complaints filed within one week of the Complaint in this action. While Plaintiff's law firm is free to assign tasks to attorneys in the manner it finds most convenient, the court finds the numbers of hours claimed for certain tasks to be unreasonable given the experience level and hourly rates of the billing attorneys, and the simplistic and redundant nature of those tasks.

The court additionally has concerns about the amount of time billed for matters. For example, the Billing Statements indicate attorney Chris Seabock billed

1.4 hours on June 7, 2021 to "prepare exhibits." Dkt. 111-4 at 14. The court finds this excessive, considering that Plaintiff filed an exhibit list the following day containing only three exhibits comprising three sets of photographs. *See* Dkt. 80. Similarly, Chris Seabock billed 3 hours on June 2, 2021, in connection with drafting a three-page Memorandum of Contentions of Fact and Law, a one-page Joint Report Regarding Settlement, a two-page Witness List, and a one-page Exhibit List. Dkt. 111-4 at 13. The amount of time billed is excessive and unreasonable given Plaintiff's use of templates, the routine nature of Plaintiff's law firm's practice, and the fact that Paralegal Janet Uy previously billed 4.6 hours for the same tasks. *See id.*

      As a third example, on January 28, 2021, attorney Smith billed 4 hours to draft and file a one-page motion to compel discovery responses and a three-page supporting memorandum. Dkt. 111-4 at 10; *see* Dkts. 59, 59-1. Given the form nature of these documents, the time claimed is unreasonable. Finally, Plaintiff's paralegals billed an excessive amount of time for the tasks performed, including, inter alia, 3 hours to prepare exhibit tabs in preparation of trial, an additional 6 hours to prepare trial and exhibit binders, and 9.1 hours to prepare a summary of discovery responses. Dkt. 111-4 at 9, 18.

      Accordingly, the court has adjusted the hourly rates and number of hours reasonable incurred, as reflected in the table below:

| Attorney Name | Hourly Rate | Requested Hours | Adjusted Hours | Total Adjusted Fee |
|---|---|---|---|---|
| Russell Handy | $450 | 10.1 | 2.3 | $1,035.00 |
| Raymond Ballister | $400 | 5 | 4 | $1,600.00 |
| Phyl Grace | $400 | 1.6 | 0.7 | $280.00 |
| Dennis Price | $400 | 15.6 | 6.3 | $2,520.00 |
| Amanda Seabock | $375 | 2.6 | 0.6 | $225.00 |
| Isabel Masanque | $375 | 1.1 | 0.5 | $187.50 |
| Chris Seabock | $325 | 25.2 | 11.6 | $3,770.00 |

| | | | | |
|---|---|---|---|---|
| Elliott Montgomery | $325 | 2.9 | 1 | $325.00 |
| Ariel Vento | $325 | 0.7 | 0.5 | $162.50 |
| Bradley Smith | $325 | 14.7 | 6.7 | $2,177.50 |
| Zachary Davina | $250 | 5 | 4 | $1,000.00 |
| Paralegals/Assistants | $100 | 37.1 | 15.1 | $1,510.00 |
| Total | | | | $14,792.50 |

In sum, the court finds Plaintiff reasonably incurred attorney's fees in the lodestar amount of $14,792.50.

**C.    Request for a Fee Enhancement and the *Kerr* Factors**

Plaintiff argues the *Kerr* factors support a 1.5 multiplier because: (1) it litigated this case up to trial; (2) the ADA is complex, such that "only a handful of attorneys" have expertise in ADA cases; (3) the risk of non-payment in such a case; and (4) the undesirability of a "small dollar" case. Mot. Br. 14-19. The court disagrees.

The length of time this case was litigated and the amount of attorney's fees incurred reasonably in preparation for trial have already been taken into account in the court's lodestar determination stated above. Further, this action was not particularly complex, as it involved only a short, boilerplate Complaint regarding an accessible parking space. *See generally* Compl. Nor, did this action involve a unique aspect of ADA litigation.

Finally, the court notes that Plaintiff has filed hundreds and Plaintiff's counsel has filed thousands of similar actions in this district alone—with the vast majority of these actions ending in settlement. This type of serial litigation, which is brought on behalf of Plaintiffs who file dozens or hundreds of similar actions using largely duplicative and template complaints, discovery, and filings, and which almost always result in settlements, is not the type of action appropriate for a fee enhancement under *Kerr*, 526 F.2d at 70.

Having considered the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services rendered here,

10

the court DECLINES to apply a lodestar multiplier. The court also DENIES Defendant's request for a negative multiplier, finding Defendant has not demonstrated one is warranted here. *See* Opp'n 14-15.

### D. Reasonable Costs

Finally, Plaintiff seeks $3,088.85 in costs. Mot. Br. 19. This includes $400 for filing fees; $200 for investigation costs; $709.21 for printing trial documents; and $1,779.64 to retain an expert to conduct site inspections at the property. *Id.* Defendant does not challenge Plaintiff's requested costs in the Opposition, and the court, therefore, finds these costs are reasonable.

### CONCLUSION

For the foregoing reasons, the court GRANTS IN PART Plaintiff's Motion for Attorney's Fees and AWARDS Plaintiff attorney's fees of $14,792.50 and costs of $3,088.85, for a total award of $17,881.35. The court DENIES as moot Defendant's request for judicial notice (Opp'n 3-6).

IT IS SO ORDERED.

Dated: September 1, 2022

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge